IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEVONE ANTONIO LEONARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23 C 1137 |
| ) | |
| EDMOND MESROBIAN, SCOTT ) | |
| MEDEN, and NORDSTROM, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Devonte Leonard filed a *pro se* lawsuit in state court against his former employer Nordstrom, Inc. and two of its officers, Edmond Mesrobian and Scott Meden. Mr. Leonard asserted a claim arising from his employment, specifically that the defendants had accessed his medical records without his authorization. It also appeared that Mr. Leonard was asking to vacate an arbitration decision regarding his claim.

The defendants removed the case to federal court based on diversity of citizenship. They then moved to dismiss Mr. Leonard's complaint on the basis that Mr. Leonard had litigated and lost the claim in mandatory arbitration under Nordstrom's employee dispute resolution program, and that to the extent he had not, his claims had to be submitted to arbitration, not litigated in court. The defendants also argued that Mr. Leonard had offered no basis to vacate the arbitration decision.

Mr. Leonard was subject to an arbitration agreement in which he agreed to submit to arbitration "any disputes arising out of or related to" his employment with

Nordstrom—amended in December 2021 to cover all legal disputes regarding" his employment with Nordstrom, "including but not limited to, legal disputes arising out of or related to . . . privacy [and] privacy breaches."

In 2020, Mr. Leonard demanded arbitration of claims arising from data breaches concerning his personal information that he contended Nordstrom had allowed in the early part of 2022. Nordstrom moved to dismiss Mr. Leonard's arbitration demand. An arbitrator considered written submissions and, on November 16, 2022, he issued a decision (called an "award" in arbitration lingo) dismissing all of Mr. Leonard's claims.

Mr. Leonard filed the present lawsuit in February 2023. As indicated above, he appears to ask the Court to vacate the arbitration award, and he again asserts his privacy breach claim(s). As the Court has noted, the defendants have moved to dismiss. They argue that Mr. Leonard's claims have to be brought, if at all, in arbitration rather than in court and that Mr. Leonard has provided no basis to vacate the arbitrator's ruling dismissing the claims. The defendants have also moved to confirm the arbitrator's award.

Mr. Leonard has filed a response to the defendants' motion and also filed a flurry of other materials, including a motion to amend his complaint. The Court set a briefing schedule on the motion to amend. The defendants filed a response; Mr. Leonard did not file a reply by the due date and did not seek an extension of time. The Court therefore proceeds to rule on the pending motions.

**1.     Mr. Leonard's petition to vacate the arbitration award**

Mr. Leonard has offered no viable basis to vacate the arbitrator's decision. The only basis under the Federal Arbitration Act to vacate the decision that Mr. Leonard

argues is that the arbitrator exceeded his powers. See 9 U.S.C. § 10(a)(4). That is not a viable contention in this case. The Nordstrom dispute resolution policy specifically allowed the arbitrator to grant a motion to dismiss under the same standards that apply in court, and that is what the arbitrator did in Mr. Leonard's case. In addition, by submitting his claim to arbitration, Mr. Leonard waived or forfeited any contention that the arbitrator lacked the authority to resolve the claim. See, e.g., Envtl. Barrier Co. v. Slurry Sys., Inc., 540 F.3d 598, 606-07 (7th Cir. 2008); Jones Dairy Farm v. Local No. P-1236, United Food & Commercial Workers Int'l Union, AFL-CIO, 760 F.2d. 173, 175-76 (7th Cir. 1985). The Court therefore denies his petition to vacate the arbitration decision.

2. **The defendants' petition to confirm the arbitration award**

The defendants' petition to confirm the arbitration decision is meritorious. Under the FAA, an arbitration decision is subject to confirmation unless it has been vacated or modified. See IDS Life Inc. Co. v. Royal Alliance Assocs., Inc., 266 F.3d 645, 650-51 (7th Cir. 2001). The defendants have made the requisite showing here.

3. **The defendants' motion to dismiss Mr. Leonard's claims**

Mr. Leonard may not assert or reassert his claims in court. First of all, this is specifically precluded by his arbitration agreement with Nordstrom. See 9 U.S.C. § 2. Mr. Leonard has offered no viable contention that the agreement is invalid or unenforceable.

In addition, Mr. Leonard's claims are barred by the doctrine of claim preclusion, or *res judicata*. Under the doctrine of claim preclusion, a final judgment on the merits on a claim bars a party from relitigating that same or a closely related claim against the

same party, or those in privity with that party (which is the case for the individual defendants). *See, e.g., Adams v. City of Indianapolis*, 742 F.3d 730, 736 (7th Cir. 2014). The arbitrator dismissed Mr. Leonard's claims for failure to state a claim, and that counts as a judgment on the merits for purposes of claim preclusion. *See, e.g., Bunker Ramo Corp. v. Bus. Forms, Inc.*, 713 F.2d 1272, 1277 (7th Cir. 1983). All of Mr. Leonard's claims, including those asserted in his amended complaint, arise from the same set of facts as the claims he submitted to arbitration, so all of them are barred by claim preclusion. As the defendants argue, under claim preclusion, "[o]nce a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." *Car Carriers, Inc. v. Ford Motor Co.*, 789 F.3d 589, 593 (7th Cir. 1986).

## Conclusion

For the reasons stated above, the Court grants Mr. Leonard's motion to amend his complaint [24] but also grants defendants' motions to dismiss [12] [14] and their motion to confirm the arbitration award. The Court denies Mr. Leonard's motion to vacate the arbitration award. In addition, the Court denies as moot Mr. Leonard's motion for alternate service of summons [26] because Nordstrom was served, and the individual defendants have accepted service. The Court also denies Mr. Leonard's motion for partial summary judgment [20] because he has not shown any basis for entry of judgment in his favor. The Court terminates as moot Mr. Leonard's remaining motions [11] [23]. The Court directs the Clerk to enter judgment as follows: (1) denying plaintiff's petition to vacate the arbitration award; (2) granting defendants' petition to

4

confirm the arbitration award; and (3) dismissing plaintiff's complaint and amended complaint with prejudice.

Date: June 5, 2023

_____
MATTHEW F. KENNELLY
United States District Judge